UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANGELINA BURKE,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA,
    *Defendant*.

No. 3:17-cv-01431 (JAM)

**ORDER DENYING MOTION TO DISMISS**

This is a slip-and-fall case brought against the United States of America under the Federal Tort Claims Act (FTCA). Plaintiff Angelina Burke alleges that she fell as a result of a hole in the sidewalk near a post office in Naugatuck, Connecticut. Defendant now moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the ground that defendant did not own the sidewalk where plaintiff fell. Because the issue of who owns or controls the sidewalk where plaintiff was injured is largely an issue of fact that is not appropriate for the Court to resolve at the initial pleading stage, I will deny the motion to dismiss.

**BACKGROUND**

The following facts as set forth in the complaint are accepted as true solely for the purpose of resolving this motion. At around 12:30 pm on January 8, 2016, plaintiff was walking toward the post office along a sidewalk adjacent to 25 Cedar Street in Naugatuck when she slipped and fell on a hole caused by broken asphalt and concrete in the sidewalk. According to the complaint, defendant "owned, controlled, maintained and managed the United States Post Office, located at 170 Water Street, and the adjoining sidewalks, including the sidewalk adjacent to 25 Cedar Street" where plaintiff was injured. Doc. #1 at 1 (¶ 3). Therefore, according to

plaintiff, defendant breached its duty to maintain and make safe the sidewalk, and plaintiff seeks an award of money damages.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations—if true—state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). In short, my role in reviewing the motion to dismiss is to determine whether the complaint—apart from any of its conclusory allegations—sets forth sufficient facts to state a plausible claim for relief.

For tort claims against the United States under the FTCA, a court must apply the substantive law of the state in which the event occurred. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). Under Connecticut law, "the essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *Baptiste v. Better Val-U Supermarket, Inc.*, 262 Conn. 135, 138 (2002). For so-called "premises liability" cases by a plaintiff who has been injured because of a defect on someone else's property, the liability of a defendant may turn on whether the defendant possessed and controlled the property at issue. *See, e.g.*, *LaFlamme v. Dallessio*, 261 Conn. 247, 251 (2002). On the other hand, "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." *Wilson v. City of New Haven*, 213 Conn. 277, 280 (1989).

Defendant argues that it owed "no duty to the plaintiff because the Town of Naugatuck, not the Postal Service, owns the public sidewalk on Cedar Street." Doc. #9-1 at 4. Perhaps

defendant is right, but its argument overlooks one of the most basic and well-settled rules that governs a court's review of a Rule 12(b)(6) motion to dismiss: that the Court may not engage in its own fact-finding mission to decide if what a plaintiff claims is actually true. *See, e.g.*, 5B C. Wright & A. Miller, Federal Practice & Procedure § 1356 (3d ed. Apr. 2017 Update) (noting that "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"). Because I cannot at this time determine the truth of plaintiff's allegation that defendant owned, controlled, maintained, or managed the sidewalk where she was injured, I will deny defendant's motion to dismiss the complaint.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. #9) is DENIED.

It is so ordered.

Dated at New Haven this 27th day of November 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge